**SO ORDERED.**

**SIGNED this 03 day of August, 2005.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court

Western District of Texas
San Antonio Division

| | |
|---|---|
| IN RE<br><br>BERNEY KESZLER & BETTY HAUS<br><br>*DEBTORS* | BANKR. CASE NO.<br><br>04-53280-C<br><br>CHAPTER 11 |
| SECURITY BANK, HALE CENTER, TEXAS<br><br>*PLAINTIFF*<br><br>v.<br><br>BERNEY KESZLER & BETTY HAUS<br><br>*DEFENDANTS* | ADV. NO. 04-5162-C |

**DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**

CAME ON for consideration the foregoing matter. For the reasons stated, the motion is denied.

The court entered judgment in this case on July 7, 2005, denying a discharge to the debtors, on the objection of plaintiff Security Bank. The debtors timely seek reconsideration of that decision, maintaining that the court misconstrued the evidence and misapplied the law. They also submit an affidavit, suggesting

further evidence to support their position. Security Bank has responded, challenging the grounds for seeking new trial, challenging the presentation of additional evidence in the form of the affidavit testimony of the debtors, and maintaining that the court correctly applied the law to the facts in this case at trial.

Motions to reconsider may be filed under Federal Rules of Civil Procedure 59(e) or 60(b). *In re Aguilar*, 861 F.2d 873, 874 (5th Cir. 1988).[1] The defendants do not indicate upon which Rule they rely. Because the defendants' motions for reconsideration were filed within ten days of the judgment, the motions are construed as Rule 59(e) motions. *See Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). Rule 59(e) states that a "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(e); FED. R. BANKR. P. 9023 (incorporating Rule 59). "Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend." *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994).

Rule 59 "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances [and] unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original; internal citations and quotations omitted); *see also Diaz v. Methodist Hospital*, 46 F.3d 492, 495 (5th Cir. 1995) (same). Presenting new evidence for the first time on motion

---

[1] *See also* FED. R. BANKR. P. 9023 (incorporating Rule 59) *and* FED. R. BANKR. P. 9024 (incorporating Rule 60).

for new trial is generally not permitted, especially when the movants fail to offer a sufficient explanation why the evidence was not presented before resting their case. *See Rivera-Flores v. Porto Rico Telephone Co.*, 64 F.3d 742, 746 (5th Cir. 1995). As Judge Posner has explained in his inimitably succinct fashion, "[a] motion under Rule 59(e) is not authorized to enable a party to complete presenting his case after the court has ruled against him." *In re Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (internal quotations omitted). The court has "considerable discretion in deciding ... Rule 59(e) [motions]." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

The court agrees with the defendant that the testimony proffered by way of affidavit attached to the motion for reconsideration should not be considered. The testimony therein could have been presented at trial, and there is no showing that the defendants were improperly prevented from presenting that testimony. The defendants cannot claim surprise as to the need for this evidence either, as both the live complaint upon which the parties proceeded to trial and the pretrial order that governed the trial of the case specifically raised failure to maintain records and failure to explain the loss or deficiency in assets as bases for objecting to discharge.

The debtors argue that, by failing to file a motion to compel production of further records, the plaintiff bank failed in its burden of proof. This court, in *In re Lee*, 309 B.R. 468 (Bankr. W.D.Tex. 2004), discussed the burden of proof for a cause of action urged under section 727(a)(3) of title 11. *Id.*, at 477-78; 11 U.S.C. § 727(a)(3). To satisfy that burden, the plaintiff in this case needed only to put on evidence sufficient to show that the debtors had failed to keep or preserve financial records and that that failure prevented creditors from ascertaining the debtors' financial condition. Plaintiff met that burden in this case by showing that the debtor had no records to cover the expenditure of some $44,000, and no records to

corroborate the contention that large sums of cash were kept in their safe at home (much less how much at any one time, or the actual source of that cash). Betty Haus *testified* that there were large sums of cash in the safe, that she was the source of most of that cash, and that some of that cash was used to pay for the house. She had no records to corroborate her testimony. Section 727(a)(3) focuses on recordkeeping to deal with precisely this sort of situation: *ex post* testimony about the existence or nonexistence of assets that cannot be corroborated.[2] The debtors were obligated to prove the inadequacy of their recordkeeping relative to these large amounts of cash. They did not do so. By failing to sustain their burden in responding to the plaintiff's *prima facie* case, the debtors lost on this issue. The court's conclusion in this regard was not clear error.

*Lee* also addressed the burden with respect to a plaintiff's cause of action under section 727(a)(5). A plaintiff must demonstrate a loss of assets. The burden then shifts to the defendant to satisfactorily explain the loss of assets. The plaintiff showed a shortfall in the alleged amount of cash in the safe and the disposition of monies, according to the debtors' testimony. It was then up to the defendants to satisfactorily explain where the extra money went. The defendants did not sustain that burden at trial. As the plaintiff notes in its response to the motion for reconsideration, the debtors' own testimony regarding how much cash they had, and what their living expenses were (and how they paid for them) itself left an unexplained shortfall. The debtors attempt in this motion to offer new explanations for where the money might have gone, but the court declines to consider such evidence. The time to present such revisions in testimony was at trial, not after judgment. One reason for courts being so charry about considering such after-the-fact

---

[2] The court is reminded of the analogy drawn by Dr. Carl Sagan, in talking about pseudo-science. His pseudo-scientist posits the existence of a fire-breathing dragon in his garage, who just happens to be invisible, and whose fire breathing is silent and emits no heat. He then insists it is there, and challenges you to prove it is not. Because you cannot, the pseudo-scientist then smiles triumphantly and says, "well, there you are."

evidence is that the credibility of that evidence is severely impaired by the *ex post facto* circumstances of its presentation. If anything, further revisions to the story only make the story that much less believable. The court is satisfied that it did not commit clear error in its evaluation of the evidence regarding the plaintiff's section 727(a)(5) cause of action.

The court also rejects the suggestion that, somehow, the plaintiff failed in its burden of proof at trial by not compelling more forthcoming answers to discovery. It was not the plaintiff's job to prove up the defendants' case. The defendant had the task of proving that it had adequate records, and of satisfactorily explaining the loss of assets. It is irrelevant what the defendants produced or did not produce (or were not compelled to produce) in discovery. All that matters is what was presented at trial.

For the reasons stated, the motion to reconsider is denied.

# # #